**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- X

NAIMA FARROW,                 :
                                         :

                       Plaintiff     :       Civil Action No.:
                                         :

        v.                           :
                                       :       **COMPLAINT**

TWENTY-FIRST CENTURY FOX, INC., FOX    :
NEWS NETWORK LLC, KIM JACOBSON, in    :
her individual and professional capacities and    :       **Jury Trial Demanded**
JUDITH SLATER, in her individual and    :
professional capacities,                 :
                                         :
                    Defendants.   :
                                         :

---------------------------------------------------------- X

Plaintiff Naima Farrow brings this Complaint against Twenty-First Century Fox, Inc. ("21st Century Fox"), Fox News Network LLC ("Fox News") (21st Century Fox and Fox News, together, "Fox" or the "Company"), Kim Jacobson ("Jacobson") and Judith Slater ("Slater") (collectively with Fox, "Defendants") and hereby alleges as follows:

## SUMMARY OF THE CLAIMS

1. Anyone who has watched television or read a newspaper in the past year has learned all about the systematic discrimination, harassment and retaliation that have been perpetrated by Fox's management against women, pregnant women and minorities.

2. It started in July 2016, when Gretchen Carlson filed a lawsuit alleging sexual harassment by the late Roger Ailes ("Ailes"), the former Chief Executive Officer of Fox News.

3. It continued when dozens of women came forward with their own allegations of sexual harassment by Ailes.

4. Then, in December 2016, WNYW/Ch. 5 ("Fox5") Reporter Lidia Curanaj filed a lawsuit detailing the egregious discrimination and retaliation she suffered at the hands of Byron

Harmon, Fox5's News Director, because of her national origin, gender and pregnancy, as well as her age.

5.      In March 2017, Tichaona Brown (a former Payroll employee) and Tabrese Wright (a current Accounting employee), exposed the disgusting years-long discriminatory conduct committed at Fox's headquarters by Slater, the former Controller of Fox News.  In April and May 2017, Ms. Brown and Ms. Wright were joined by 11 additional employees and former employees of Fox, all of whom experienced the same discriminatory treatment because they are minorities, including the only Black male anchor on Fox News, Kelly Wright.

6.      In April 2017, Adasa Blanco, a former Disbursements Coordinator with Fox News, also came forward and disclosed that she had informed Fox News's General Counsel, Dianne Brandi ("Brandi"), about Slater's conduct as far back as 2008.  She also informed Fox News's former Head of Human Resources, Denise Collins ("Collins") and current Human Resource's employee, about Slater's behavior in 2012.  Neither Brandi nor Slater took any remedial action, and Fox permitted the discrimination to continue.

7.      Also in April 2017, the New York Times reported that former host Bill O'Reilly ("O'Reilly") and/or 21st Century Fox had paid approximately $13 million in settlements to women alleging that they were harassed and sexually harassed by O'Reilly from the early 2000s though the present.  Despite being aware of this information, 21st Century Fox made a conscious decision to renew O'Reilly's contract at the same time this conduct was being disclosed to the public through the media.  It was not until the O'Reilly scandal began to cost Fox advertisers – well over a decade after the first allegations against O'Reilly were lodged – that the Company finally decided it was time to part ways with him.  Even then, according to sources, they paid O'Reilly approximately $25 million to leave.

8.      In May 2017, Jessica Golloher, a Reporter for Fox News Radio Network, filed a lawsuit against Fox after she was notified she would be fired less than 24 hours after putting Fox on notice that she intended to lodge a protected complaint.

9.      On May 19, 2017, Fox was forced to fire co-host Bob Beckel after he told a Black Internet Technology employee that he could not stand to be near him because he is Black. Defying HR's best practices, before terminating Mr. Beckel and in an effort to sweep this matter under the rug, the new Head of Human Resources Kevin Lord permitted Mr. Beckel to intimidate and attempt to cajole the Black Internet Technology employee into withdrawing his complaint.  It was only when this employee refused to do so, and after being told by Mr. Lord that he would have to speak with management as he didn't have the power to fire Mr. Beckel, that Mr. Beckel was terminated.

10.     Even as this Complaint is being filed, two additional complaints are also being filed against Fox: one for race discrimination by former Accounts Receivables specialist Vidya Mann, who is joining Ms. Blanco's case, and a second for gender discrimination and retaliation by Kathleen Lee, a Shift Editor at Fox News Radio Network.

11.     Fox has taken numerous steps to attempt to convince the public that its culture has changed, including terminating Ailes, O'Reilly, Slater, Beckel and Ailes's successor, Bill Shine. However, Fox was well aware of the discriminatory conduct that was being committed by these individuals for years before they were terminated, and only took action when public pressure and the threat of lost revenue forced the Company's hand.

12.     Meanwhile, Fox continues to employ many of the individuals who were complicit in the discrimination committed against women and minorities at Fox.  Individuals such as

Brandi and Collins, who turned the other way and abdicated their job responsibilities when mistreated employees sought their help.

13.     Fox also continues to employ additional managers who engaged in discriminatory conduct, including Jacobson, who is currently employed as a Special Projects Manager in Fox News's Accounting Department.

14.     Ms. Farrow was hired by Fox to work as an Accounts Payable Coordinator in Fox News's Accounts Payable Department in or around July 2014.  Beginning in August 2015, Ms. Farrow reported to Jacobson who, in turn, reported to Slater.

15.     Throughout her employment, Ms. Farrow's work product was exceptional and she was never the subject of any performance criticism, verbal or written warning or discipline of any kind during her employment with Fox.

16.     In early November 2015, Ms. Farrow disclosed to Jacobson that she was pregnant.  ***Fewer than 72 hours after her disclosure, Ms. Farrow was fired without any warning or explanation.***

17.     Moreover, as described in detail below, Ms. Farrow was subjected to a racially hostile work environment at the hands of Slater and, as further insult,  was not even paid for all of the hours she worked.

18.     Accordingly, Plaintiff asserts claims against Defendants for violations of 42 U.S.C. § 1981 ("Section 1981"), the Fair Labor Standards Act ("FLSA"), the New York State Human Rights Law, New York Executive Law §§ 290 *et seq.* ("NYSHRL"), the New York City Human Rights Law, New York Administrative Code §§ 8-101 *et seq*. ("NYCHRL") and the New York Labor Law ("NYLL").

## JURISDICTION AND VENUE

19.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under federal law, specifically, Section 1981 and the FLSA.  This Court has supplemental subject matter jurisdiction over Plaintiff's related state and local law claims pursuant to 28 U.S.C. § 1367(a).

20.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## ADMINISTRATIVE PREREQUISITES

21.    Plaintiff will file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violations of: (i) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"); and (ii) Title VII as amended by the Pregnancy Discrimination Act of 1974 ("PDA").  When Plaintiff receives her Notice of Right to Sue from the EEOC, she will seek to amend the Complaint to add claims under Title VII and the PDA.

22.    Pursuant to NYCHRL § 8-502, Plaintiff will serve a copy of this Complaint upon the New York City Commission on Human Rights and the New York City Law Department, Office of the Corporation Counsel within ten days of its filing, thereby satisfying the notice requirements of this action.

23.    Plaintiff has complied with any and all other prerequisites to filing this action.

## PARTIES

24.     Plaintiff Naima Farrow lives in Brooklyn, New York.  Ms. Farrow was employed by Fox as an Accounts Payable Coordinator in Fox News's Accounts Payable Department.  At all relevant times, Ms. Farrow met the definition of an "employee" under all applicable statutes.

25.     Defendant Twenty-First Century Fox, Inc. is a corporation with its principal place of business in New York County, New York, and is duly organized and existing under and by virtue of the laws of the State of Delaware.  At all relevant times, Twenty-First Century Fox, Inc. has met the definition of an "employer" of Ms. Farrow under all applicable statutes.

26.     Defendant Fox News Network LLC is a limited liability company with its principal place of business in New York County, New York, and is duly organized and existing under and by virtue of the laws of the State of Delaware.  Fox News Network LLC is a wholly owned subsidiary of Twenty-First Century Fox, Inc.  In turn, Fox News Network LLC owns Fox News Channel LLC and Fox Business Channel.  At all relevant times, Fox News Network LLC has met the definition of an "employer" of Ms. Farrow under all applicable statutes.

27.     Defendant Kim Jacobson, upon information and belief, is a resident of the state of New York.  Defendant Jacobson is employed as a Special Projects Manager in Fox News's Accounting Department.  At all relevant times, Defendant Jacobson met the definition of an "employer" of Ms. Farrow under all applicable statutes.

28.     Defendant Judith Slater is a resident of the State of New Jersey.  Defendant Slater was employed at Fox as Fox News's Controller for eighteen years, until March 2017.  In this capacity, she supervised all employees in the Payroll, Accounting and Account Receivables/Payable Departments, including Ms. Farrow.  At all relevant times, Defendant Slater met the definition of an "employer" of Ms. Farrow under all applicable statutes.

6

## FACTUAL ALLEGATIONS

### I.   MS. FARROW IS FIRED BECAUSE OF HER PREGNANCY

29.     In July 2014, Plaintiff Naima Farrow was hired by Fox to work as an Accounts Payable Coordinator in Fox News's Accounts Payable Department.

30.     Ms. Farrow worked in that capacity until November 2015.

31.     From the beginning of her employment until August 2015, Ms. Farrow reported to Mark LeGrier a Black former Accounts Payable Supervisor at Fox News.  Mr. LeGrier, in turn, reported to Slater.

32.     From August 2015 through November 2015, Ms. Farrow reported to Jacobson. Jacobson, in turn, reported to Slater.

33.     Throughout her employment, Ms. Farrow's work product was exceptional.

34.     Ms. Farrow was never the subject of any performance criticism, verbal or written warning or discipline of any kind during her employment with Fox.

35.     In early November 2015, Ms. Farrow disclosed to Jacobson that she was pregnant.

36.     Immediately after Ms. Farrow's disclosure, Jacobson told Ms. Farrow's colleague, Tremayne Wilson, that he had better be prepared to take over Ms. Farrow's position by the end of the week.  Thus, as soon as Jacobson found out that Ms. Farrow was pregnant, she informed another colleague that Ms. Farrow would be gone by week's end.

37.     Fewer than 72 hours after her disclosure, Ms. Farrow was fired without any warning or explanation.

38.     Ms. Farrow was terminated because of her pregnancy.

## II.     MS. FARROW IS SUBJECTED TO A HOSTILE WORK ENVIRONMENT BECAUSE OF HER RACE

39.     Throughout Ms. Farrow's employment, she was subjected to a hostile work environment by Slater because Ms. Farrow is Black.

40.     Slater made multiple discriminatory comments to and in the presence of Ms. Farrow.

41.     By way of example only, Slater referred to her as "girlfriend" in a mocking and stereotypical impersonation of a Black woman.

42.     Slater also regularly referred to the 16th floor of Fox's headquarters, where Ms. Farrow and many other minority employees worked, as the "ethnic floor."

43.     Ms. Farrow observed Slater treating other minorities in a discriminatory fashion as well.  The discrimination Slater committed against Mr. LeGrier was so severe and hostile that he was forced to retire in August 2015.

44.     Slater also routinely disparaged Musfiq Rahman, a dark-skinned Bangladeshi former employee in Fox News's Payroll Department.   Slater was extremely condescending towards Mr. Rahman, regularly mocked his manner of speech and ridiculed him.

45.     Following 9/11, certain executives, including Ailes, expressed concerns about subsequent terror attacks on New York City.  Sometime in or about 2014, Mr. Rahman was on the second floor of Fox's New York City office, looking for a group of other co-workers.  Mr. Rahman mistakenly walked into Ailes's office, which up to that point was open to the floor when his door was not closed.  The fallout for Mr. Rahman's "mistake" was swift and severe.  Ailes was furious and his paranoia about being attacked came to the forefront.  That same day, Ailes ordered that a wall be constructed immediately in his personal office to act as a barrier to entry.

This wall was an obvious attempt at preventing Black or dark-skinned employees from walking in unannounced and frightening Ailes.

46.     As a result, Mr. Rahman, along with a number of Black employees in the Accounts Receivable and Accounts Payable Departments, had their security passes to the second floor revoked.  Thereafter, these humiliated employees were forced to get "escorts" when they needed to speak to other employees on the second floor.  Ms. Farrow was among the minorities and was forced to endure this discriminatory and humiliating treatment.

47.     Slater also regularly ignored Ms. Farrow, even when Ms. Farrow said hello to Slater.  Slater did not treat White colleagues in this demeaning manner.

48.     The discriminatory conduct committed by Slater against Ms. Farrow was daily in nature and created a hostile work environment.

III.    **MS. FARROW IS SUBJECTED TO UNLAWFUL WAGE PRACTICES**

49.     Ms. Farrow was paid on an hourly basis and received $17.00 per hour.  Under both the FLSA and NYLL, Fox was required to pay Ms. Farrow premium overtime compensation for all hours she worked in excess of 40 in any given workweek.

50.     Throughout her employment, Ms. Farrow was scheduled to (and did) work 40 hours per week.  Each week, Ms. Farrow was paid for 40 hours of work (*i.e.*, 40 * $17.00, or $680.00).

51.     However, Ms. Farrow was often required to work additional hours over and above the 40 for which she was scheduled.  As an average, Ms. Farrow worked approximately 45 hours or more per week, but was only paid for 40 hours.  Ms. Farrow was not paid any compensation at all for the five hours she worked, on average, in excess of 40 each week.

## FIRST CAUSE OF ACTION
### (Discrimination in Violation of the Section 1981)
### *Against Fox and Slater*

52.    Plaintiff hereby repeats, reiterates and re-alleges each and every previous allegation as if fully set forth herein.

53.    As described above, Fox and Slater have discriminated against Plaintiff on the basis of her race and/or ethnicity in violation of Section 1981 by, *inter alia*, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or remedy a racially hostile work environment.

54.    As a direct and proximate result of the unlawful discriminatory conduct committed by Fox and Slater in violation of Section 1981, Plaintiff has suffered, and continues to suffer, economic damages, mental anguish and emotional distress for which she is entitled to an award of damages.

55.    The unlawful discriminatory actions committed by Fox and Slater constitute malicious, willful and wanton violations of Section 1981 for which Plaintiff is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION
### (Race Discrimination in Violation of the NYSHRL)
### *Against Fox*

56.    Plaintiff hereby repeats, reiterates and re-alleges each and every previous allegation as if fully set forth herein.

57.    As described above, Fox has discriminated against Plaintiff on the basis of her race and/or ethnicity in violation of the NYSHRL by, inter alia, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or remedy a racially hostile work environment.

10

58.     As a direct and proximate result of the unlawful discriminatory conduct committed by Fox in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic damages, mental anguish and emotional distress for which she is entitled to an award of damages.

**THIRD CAUSE OF ACTION**
**(Aiding and Abetting Race Discrimination in Violation of the NYSHRL)**
***Against Slater***

59.     Plaintiff hereby repeats, reiterates and re-alleges each and every previous allegation as if fully set forth herein.

60.     As described above, Slater has aided and abetted the discrimination committed against Plaintiff on the basis of her race and/or ethnicity in violation of the NYSHRL by, *inter alia*, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or remedy a racially hostile work environment.

61.     As a direct and proximate result of the Slater's aiding and abetting of discriminatory conduct committed in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic damages, mental anguish and emotional distress for which she is entitled to an award of damages.

**FOURTH CAUSE OF ACTION**
**(Race Discrimination in Violation of the NYCHRL)**
***Against Fox and Slater***

62.     Plaintiff hereby repeats, reiterates and re-alleges each and every previous allegation as if fully set forth herein.

63.     As described above, Fox and Slater have discriminated against Plaintiff on the basis of her race and/or ethnicity in violation of NYCHRL by, *inter alia*, fostering, condoning,

accepting, ratifying and/or otherwise failing to prevent or remedy a racially hostile work environment.

64.     As a direct and proximate result of the unlawful discriminatory conduct committed by Fox and Slater in violation of NYCHRL, Plaintiff has suffered, and continues to suffer, economic damages, mental anguish and emotional distress for which she is entitled to an award of damages.

65.     The unlawful discriminatory actions committed by Fox and Slater constitute malicious, willful and wanton violations of NYCHRL for which Plaintiff is entitled to an award of punitive damages.

**FIFTH CAUSE OF ACTION**
**(Pregnancy Discrimination in Violation of the NYSHRL)**
*Against Fox*

66.     Plaintiff hereby repeats, reiterates and re-alleges each and every previous allegation as if fully set forth herein.

67.     As described above, Fox has discriminated against Plaintiff on the basis of her pregnancy in violation of the NYSHRL by, *inter alia*, terminating her employment because of her pregnancy.

68.     As a direct and proximate result of the unlawful discriminatory conduct committed by Fox in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic damages, mental anguish and emotional distress for which she is entitled to an award of damages.

## SIXTH CAUSE OF ACTION
### (Aiding and Abetting Pregnancy Discrimination in Violation of the NYSHRL)
***Against Jacobson***

69.     Plaintiff hereby repeats, reiterates and re-alleges each and every previous allegation as if fully set forth herein.

70.     As described above, Jacobson has aided and abetted the discrimination committed against Plaintiff on the basis of her pregnancy in violation of the NYSHRL by, *inter alia*, participating in the decision to terminate Plaintiff's employment because of her pregnancy.

71.     As a direct and proximate result of the Jacobson's aiding and abetting of discriminatory conduct committed in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic damages, mental anguish and emotional distress for which she is entitled to an award of damages.

## SEVENTH CAUSE OF ACTION
### (Pregnancy Discrimination in Violation of the NYCHRL)
***Against Fox and Slater***

72.     Plaintiff hereby repeats, reiterates and re-alleges each and every previous allegation as if fully set forth herein.

73.     As described above, Fox and Slater have discriminated against Plaintiff on the basis of her pregnancy in violation of NYCHRL by, *inter alia*, terminating her employment because of her pregnancy.

74.     As a direct and proximate result of the unlawful discriminatory conduct committed by Fox and Slater in violation of NYCHRL, Plaintiff has suffered, and continues to suffer, economic damages, mental anguish and emotional distress for which she is entitled to an award of damages.

75.     The unlawful discriminatory actions committed by Fox and Slater constitute malicious, willful and wanton violations of NYCHRL for which Plaintiff is entitled to an award of punitive damages.

### EIGHTH CAUSE OF ACTION
**(FLSA Overtime Violations)**
***Against Fox***

76.     Plaintiff hereby repeats, reiterates and re-alleges each and every previous allegation as if fully set forth herein.

77.     At all relevant times, Fox willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate, one and one half times her hourly wage, for hours worked in excess of 40 hours per workweek.

78.     Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Fox damages in the amount of her unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and interest.

### NINTH CAUSE OF ACTION
**(NYLL Overtime Violations)**
***Against Fox***

79.     Plaintiff hereby repeats, reiterates and re-alleges each and every previous allegation as if fully set forth herein.

80.     At all relevant times, Fox willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate, one and one half times her hourly wage, for hours worked in excess of 40 hours per workweek.

81.     Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Fox damages in the amount of her unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

A.     A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States, the State of New York and the City of New York;

B.     An injunction and order permanently restraining Defendants and their partners, officers, owners, agents, successors, employees and/or representatives and any and all persons acting in concert with Defendants, from engaging in any such further unlawful conduct, including the policies and practices complained of herein;

C.     An order directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

D.     An award of damages against Defendants, or any jointly or severally liable entity or person, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages;

E.     An award of damages against Defendants, or any jointly or severally liable entity or person, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages;

F.     An award of punitive damages, and any applicable penalties;

G.     An award of liquidated damages;

H.     Prejudgment interest on all amounts due;

I.     An award of costs that Plaintiff incurs in this action, as well as an award of reasonable attorneys' fees to the fullest extent permitted by law; and

J.     Such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated:  May 22, 2017
        New York, New York

Respectfully submitted,

**WIGDOR LLP**

By: _____
        Douglas H. Wigdor
        Jeanne M. Christensen
        Michael J. Willemin

85 Fifth Avenue
New York, New York 10003
Tel: (212) 257-6800
Fax: (212) 257-6845
dwigdor@wigdorlaw.com
jchristensen@wigdorlaw.com
mwillemin@wigdorlaw.com

*Attorneys for Plaintiff*

16